UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                     Case No. 08-11772-DHW
                                                          Chapter 13
ANTHONY RADETIC,

   Debtor.

**MEMORANDUM OPINION**

The Eufaula Agency, Inc. filed a motion for relief from the automatic stay to proceed against the debtor in a state court action filed prepetition. The action arose from a failed real estate contract. Eufaula Agency, as listing agent, seeks a commission from the debtor.

The motion came on for hearing in Dothan, Alabama on January 7, 2009. At the hearing, the Eufaula Agency was present through its counsel, Joel P. Smith, Jr. The debtor also appeared through his counsel, Collier H. Espy, Jr. For the following reasons, the motion for relief from the stay will be granted.

**Facts**

The undisputed facts are these. The debtor, Anthony Radetic, entered into a contract with Michael P. and Brenda Murphy to purchase their home at 125 Collinswood Drive, Eufaula, Alabama. Eufaula Agency was the listing agent with regard to the realty. As a part of the contract, Radetic made a $20,000 earnest money deposit which was held by the Eufaula Agency pending closing.

When the contract failed to close, both Radetic and the Murphys claimed the $20,000 earnest money held by the Eufaula Agency. In response to these claims, the Eufaula Agency filed a complaint in the Circuit Court of Barbour County, Alabama against both Radetic and the Murphys wherein the $20,000 earnest money was interplead.

On July 28, 2008, the state court entered a default judgment on the issue of liability finding that Radetic had breached the sales contract causing damage to the Murphys and to the Eufaula Agency. The court went on to set a September 10, 2008 hearing for the sole purpose of determining the amount of

the damages.  The state court, however, had not issued an order liquidating the damages by the time Radetic filed this bankruptcy case on October 27, 2008, thereby staying the state court action.

Brenda and Michael Murphy filed proofs of claim in this bankruptcy case to which Radetic has objected.  Eufaula Agency also filed a proof of claim.  The debtor requests that these claims be decided by the bankruptcy court.  The stay motion in effect calls on the bankruptcy court to abstain from determining this dispute.

## Law

Pursuant to 28 U.S.C. § 157, in addition to hearing and determining all cases under title 11, a bankruptcy court has jurisdiction to hear and determine proceedings arising under, arising in, or merely related to a case under title 11. *In re Toledo*, 170 F.3d 1340, 1344 (11th Cir. 1999) (holding that a bankruptcy court's jurisdiction is derivative and dependent upon these three bases) (citing *Celotex Corp. v. Edwards*, 514 U.S. 300, 307, 115 S. Ct. 1493, 131 L. Ed. 2d 403 (1995)); *Transouth Financial Corp. v. Murry*, 311 B.R. 99 (M.D. Ala. 2004) (discussing the three prongs of bankruptcy court jurisdiction).

"'Arising under' proceedings are matters invoking a substantive right created by the Bankruptcy Code." *In re Toledo*, 170 F.3d at 1345.  A cause of action for breach of a real estate sales contract is not a substantive right created by the bankruptcy law.  Hence, the "arising under" prong of this court's jurisdiction is not invoked.

Neither can this court claim jurisdiction in this proceeding under the "arising in" jurisdictional prong. Proceedings "arising in" a case under title 11 are "generally thought to involve administrative-type matters," or as the Fifth Circuit stated, "'matters that could arise only in bankruptcy.'" *In re Toledo*, 170 F.3d 1340, 1345 (11th Cir. 1999)(quoting *Wood v. Wood (In re Wood)*, 825 F.2d 90, 97 (5th Cir. 1987)). Breach of contract actions are not administrative matters that could arise only in the bankruptcy context.  Hence, the "arising in" prong of this court's jurisdiction is not implicated.

The third prong of a bankruptcy court's jurisdiction is the "related to" prong. In *Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784 (11th Cir. 1990), the Eleventh Circuit adopted the test for "related to" jurisdiction.

The court held that the "test for determining whether a civil proceeding is related to bankruptcy is whether the outcome of the proceeding could conceivably have an effect on the estate being administered in bankruptcy." *Id.* at 788. Clearly, the outcome of this breach of contract action may affect the administration of Radetic's bankruptcy estate. Thus, this court has jurisdiction to hear and determine this dispute although it is of the merely "related to" variety.

A bankruptcy court, however, may permissively abstain or be required to abstain from hearing certain matters over which it has jurisdiction. The statute provides:

> (c)(1) Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.
> (2) Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c). Under the circumstances described in subsection (c)(1), abstention is permissive. However, under the circumstances described by (c)(2), abstention is mandatory.

The bankruptcy court is required by subsection (c)(2) to abstain from hearing this matter. As noted, this court's jurisdiction over this breach of contract claim is merely related to the case under title 11. Further, not only was the cause of action commenced in the state court, but there is nothing in the record to indicate that the state court cannot timely adjudicate the matter. Indeed, the state court had already proceeded to the point of conducting a damage liquidation hearing, the final step in this action, at the time the action was stayed by the bankruptcy filing.

Even if this court was not required to abstain, it would nevertheless do so in the interest of justice and in comity with the state court. The issue here is one of state law over which the state court has expertise and experience. The state court has presided over this dispute to all but its concluding stage. It was precluded from completing the litigation only by the stay brought about by Radetic's bankruptcy.

**Conclusion**

For the foregoing reasons, the Eufaula Agency's motion for stay relief will be granted. By separate order, the stay will be modified to permit the litigation in the Circuit Court of Barbour County, Alabama to continue to its conclusion. In so doing, not only will the issue of the proper distribution of the disputed earnest money be resolved but also the issue of liquidation of the claims against Radetic.

Done this the 16th day of January, 2009.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
  Collier H. Espy, Jr., Attorney for Debtor
  Joel P. Smith, Jr., Attorney for Eufaula Agency
  Curtis C. Reding, Trustee